Inslee v. Prall.

GEORGE INSLEE *vs.* CORNELIUS D. PRALL, EXECUTOR OF ISAAC PRALL, Deceased.

Books of account regularly kept are competent evidence to prove the payment of money where there have been mutual dealings between the parties, and the money has been paid on account of claims that might be proved by books of account; but they are not competent evidence to prove money paid on a note or bond, or money lent.

In error to the Supreme Court.

The facts in this case are sufficiently shown in the opinion of the court.

Argued by *Vandyke*, for plaintiff in error, and *Leupp*, for defendant.

The opinion of the court was delivered by

RYERSON, J. This action was commenced by the defendant in error in the Middlesex Circuit Court, to recover the balance due on a promissory note given by Inslee to the testator of Prall. Judgment was rendered in favor of the plaintiff, removed by writ of error to the Supreme Court, and affirmed; and the plaintiff in error seeks a reversal of those judgments.

The opinion of the Supreme Court will be found reported in 3 *Zab.* 457.

On the trial, the plaintiff below proved the note and rested, and the defendant offered in evidence his books

of account of original entry to prove payments made by him to the testator ou account of the note. The books were regularly kept. These charges extended over a period of several years, were interspersed among regular charges against other persons, and some of them were corroborated by other evidence ; but the books contained no other charges against the testator subsequent to the date of the note.

The Circuit Court overruled the books, as incompetent evidence to prove cash payments made on account of the note, and this is the only error complained of

By the rule of the common law, the books would not be competent evidence for this purpose, and that rule has not been so changed by our courts, or by a practice long continued and acquiesced in, as to authorize their reception for the purpose for which they were offered on the trial of this cause.

While concurring in the conclusion to which the Supreme Court came, I feel constrained to dissent from that part of the opinion of the court which holds that in no case can a book of account be evidence of money pair According to what I have always considered to be the settled law and practice of the state, it is competent to prove money paid where there have been mutual dealings between the parties, and where the payment was made on account of claims which may be proved by books of account. Such a conclusion, if not one reaching further, may fairly be drawn from the cases in 1 *Halst.* 95, 2 *Halst.* 345, and 6 *Halst.* 189. The first, in order of time, was 2 *Halst.* 345, decided in 1799 on *certiorari*, in which the exception to the judgment was, "that the justice permitted the plaintiff to prove by his day-book the various items of his account, the principal of which was one for money *lent.*"

. Leake, in support of the judgment, said, "it is well known to be the uniform custom in this state to admit

this species of evidence, and no distinction of the kind now taken was ever before urged."

On the first argument, Boudinot and Kirkpatrick, Justices, intimated an opinion, that a man's books are not evidence of money lent; but Kinsey, Ch. Just., said, "where a book contains various charges, though some of the items are for money lent, it is usual to suffer it to go to the jury. In this case, we are somewhat in the dark for want of a transcript of the account, which has not been transmitted by the justice. You may take a rule to have it brought up." This transcript having been produced on a subsequent day, the court unanimously affirmed the judgment. The reason for waiting for the copy of the account evidently was to see whether the charge for cash lent stood alone, or whether the book contained other charges. I infer this from the statement of the facts of the case at its commencement, prepared, of course, after the transcript of the account had been sent up, and from the fact that the chief justice put himself upon the ground of the books containing other charges besides the one for cash lent. The transcript doubtless sustained this view, and the other judges concurred with him, holding unanimously that a book might be received to prove money lent, when it contains other charges against the party.

It is evident that the other judges concurred in this view of the chief justice, from what Ch. Just. Kirkpatrick said in 1 *Halst.* 95, decided in 1822. In this case, the majority of the court sustained the position, that books may be received to prove charges for money paid where there were mutual dealings. It is true that Judge Ford dissented, and although, in 6 *Halst.* 189, Ch. Just. Ewing speaks of his position as sustained by a very satisfactory argument, it will be observed that he quotes Judge Ford's position as extending only to cases of "borrowing or lending money," and says nothing of charges for cash paid on account; and he does not undertake to overrule either of the cases in 1st

or 2d *Halsted.* The only point decided in 6 *Halst.* was, that a book exhibiting no mutual course of dealing between the parties, and containing only a single charge of cash lent, was inadmissible evidence to sustain a demand for money lent.

The rule, as I have stated it, has, I believe, been so understood and acquiesced in by the bar and the public for many years, and to such an extent that, in all probability, there are at this time accounts of thousands of dollars for cash paid resting wholly on this kind of evidence, and much of which might be lost to innocent parties, should a different rule, retroactive in its operation, be adopted by this court. If the rule be a dangerous one, the legislature may change it without injuriously affecting past transactions. In 6 *Halst.* 189, Ch. Just. Ewing considered a change by the legislature the appropriate remedy, and so did Ch. Just. Kirkpatrick, in 1 *Halst.* 95.

While holding books of account to be competent evidence for this purpose, their credit is another question. Adopting the language of Kirkpatrick, Ch. Just., in 1 *Halst.* 99, "if such charges should be more frequent, or for larger sums than would be reasonable to expect from the circumstances, property, and dealings of such men, it would subject them to suspicion, and, without some additional evidence, would discredit them altogether; but then this is matter only for the consideration of the jury."

The cases in which books would, according to this view, be competent evidence, differ from the one before the court; first, because in this case there were no mutual dealings, a note on one side, and payments on account of it on the other, not constituting such a case of mutual dealings as is within the meaning of the rule; second, because a note or bond cannot be proved by books of account; third, because it has not been the general custom to rely upon such evidence to prove the payment of notes, bonds, and other like evidences of debt. The custom of

the community and the course of decision at the circuits and in the inferior courts have been the other way, and no great amount of loss can result from adhering to that as the settled law of the state.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, Judges RYERSON, OGDEN, HAINES, VREDENBURGH, ARROWSMITH, CORNELISON, HUYLER, RISLEY, and WILLS.

*For reversal*—Judge VALENTINE.